UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                                  CASE NO: 8:10-Cr-530-T-33AEP

CHRISTOPHER SWITLYK
_____/

**SECOND EMERGENCY MOTION TO DIRECT
PINELLAS COUNTY JAIL TO APPEAR AND SHOW CAUSE WHY THE
DEFENDANT SHOULD NOT BE RETURNED TO THE GENERAL POPULATION**

      **COMES NOW**, the Defendant, CHRISTOPHER SWITLYK, by and through his undersigned counsel, and hereby respectfully request this Honorable Court to order the Pinellas County Jail to appear before the Honorable Court and show cause as to why the Defendant should not be returned to the general population, and as grounds therefore would state:

**FACTS**

      1.     The Defendant was charged by way of Indictment on December 15, 2010 in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), 18 U.S.C. § 1956(h), and 18 U.S.C. § 1957 (Doc. 1);

      2.     The Defendant was ordered detained on May 17, 2012, by United States Magistrate Judge Mark A. Pizzo, and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons waiting or serving sentences or being held in custody pending appeal (Doc. 186);

      3.     The Defendant in currently being held in the Pinellas County Jail pursuant to an agreement with the US Marshal and has been there since May 1, 2012;

      4.     On or about May 31, 2012, the Defendant was moved to the psychiatric wing of the Pinellas County Jail and placed on suicide watch.  It is the undersigned's belief that the cause of this change in incarceration was the interception by the jail of a fourteen (14) page letter the

Defendant wrote to his father, in which he mentioned he would rather commit suicide then spend the rest of his life in prison. The undersigned has asked for a copy of the letter;

5. On June 18, 2012, the undersigned filed an Emergency Motion to Direct Pinellas County Jail to Show Cause Why the Defendant Should Not be Returned to the General Population. (Doc. 196). The Honorable Judge Anthony E. Porcelli held a hearing on said motion on June 20, 2012. At said hearing, the Court issued an oral ruling directing the Pinellas County Jail Psychiatrist to examine the Defendant within five (5) days and give an opinion as to whether the Defendant needs to remain on close observation. The Court further ordered a report to be generated within seven (7) days (Doc. 204 );

6. As of June 28, 2012, eight (8) days after the hearing and outside of both the five (5) and seven (7) day deadlines, the Psychiatrist, Dr. Hernandez, has still not seen the Defendant to conduct an evaluation;

7. The undersigned knows of two (2) occasions when Nurse Matthews spoke to the Defendant; however, neither could possibly be considered an "evaluation." In these conversations, Nurse Matthews has made the following comments:

   a) "It doesn't matter what Dr. Hernandez says, he does what I say. I run the department";
   b) "The only person who can let you out of this cell is me";
   c) "Complaining to the court, your girlfriend or your attorney won't make a difference";
   d) "You are making it worse by complaining";
   e) "You will be in here the entire time";

8. To date, it is believed that not only has NO licensed psychiatrist from the Pinellas County Jail even physically seen the Defendant, but not a single psychiatric test has been administered to evaluate him, thus there is not any valid medical psychiatric opinion that would justify the Defendant being removed from the general population and put into isolation for what is now twenty-eight (28) days and counting;

9. In fact, the only psychiatrist that has seen the Defendant and done an evaluation is Dr. James R. Edgar, M.D., an expert hired and sent in to evaluate the Defendant on the undersigned's behalf. Dr Edgar does not feel the Defendant is a suicide risk and there is no

U.S. v. Christopher Switlyk
CASE NO: 8:10-Cr-530-T-33AEP
Second Emergency Motion to Direct Pinellas County Jail to Appear and Show Cause
Why the Defendant Should not be Returned to the General Population
Page 2 of 4

clinical indication for solitary confinement.  He also opines that the Defendant's current placement in the jail medical facility (psychiatric wing) would make his psychological state worse and not help it.  This is exactly what is happening, especially in light of Nurse Matthews's comments.

### REQUEST FOR RELIEF

The undersigned is requesting that this Honorable Court issue an order requesting the Pinellas County Jail to appear and show cause as to why the Defendant should not be returned to the general population of the jail.

### LEGAL ARGUMENT

Any medical opinion upon which action or treatment is taken should be based on sound medical principles able to withstand scrutiny in a court of law.  This Honorable Court has jurisdiction over the custody of the Defendant and the conditions of his confinement.  Specifically, it is the Court that protects the Defendant from cruel and unusual punishment under the 6th Amendment to the US Constitution.  The Bail Reform Act and 18 USC § 3141 and § 3142 provide this court with the inherent ability to review the conditions of the Defendant's confinement which necessarily include the manner of, and reasons for, said confinement.

**WHEREFORE**, the Defendant, CHRISTOPHER SWITLYK, respectfully requests this Honorable Court to Order the Pinellas County Jail to appear and show cause as to why he should not be returned to the general population.

U.S. v. Christopher Switlyk
CASE NO: 8:10-Cr-530-T-33AEP
Second Emergency Motion to Direct Pinellas County Jail to Appear and Show Cause
Why the Defendant Should not be Returned to the General Population
Page 3 of 4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the original of the foregoing has been furnished by Electronic Filing to Sheryl L. Loesch, Clerk of the Court, U.S. District Court, Middle District of Florida, located at U.S. Courthouse, 801 N. Florida Ave., #223, Tampa, FL 33602-3800, and that e-mail notification of this filing will be sent to all interested persons on this *28th* day of June, 2012.

      */s/ Jeffrey G. Brown*
JEFFREY G. BROWN, ESQUIRE
Brown & Doherty, P.A.
450 Carillon Parkway, Suite 120
St. Petersburg, FL 33716
(727) 299-0099, Fax (727) 299-0044
FBN 832431
jeff@brownanddoherty.com

U.S. v. Christopher Switlyk
CASE NO: 8:10-Cr-530-T-33AEP
Second Emergency Motion to Direct Pinellas County Jail to Appear and Show Cause
Why the Defendant Should not be Returned to the General Population
Page 4 of 4