UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:10-cr-530-T-33AEP

CHRISTOPHER SWITLYK

_____/

## ORDER

This matter comes before the Court in response to an inquiry from the United States Bankruptcy Court for the Southern District of Florida, as follows: "If the Cohen mortgage on the Tampa Townhouse is extinguished and the Debtor has equity in the Tampa Townhouse, is the United States entitled to forfeiture of the Tampa Townhouse?"  The Court held a hearing on October 23, 2015, to address this question and answers the Bankruptcy Court's inquiry in the affirmative as elaborated below.

**I.    Background**

**A.    Switlyk's Criminal Case**

On December 14, 2010, a federal grand jury returned an Indictment in this case, which charged Switlyk with running a pill mill in Hillsborough County, Florida. (Doc. # 1). Specifically, Switylk was charged with conspiring to violate 21 U.S.C. §§ 846, 841(b)(1)(C), 843(d), and 856(b) and engaging in monetary transactions, in and affecting interstate

and foreign commerce, in property of a value greater than $10,000 that was derived from the criminal conspiracy, in violation of 18 U.S.C. § 1957.

Switlyk hired Barry A. Cohen, P.A. to defend him prior to being indicted.  It is undisputed that on June 22, 2010, Switlyk granted Cohen a first mortgage on a condominium Townhouse located at 2410 Victoria Gardens Lane, in Tampa, Florida (the "Tampa Townhouse"). (Doc. # 250-4).  It is also undisputed that the lien of Cohen's mortgage on the Tampa Townhouse was perfected and remains perfected by the mortgage being properly recorded in the public records of Hillsborough County, Florida.

Switlyk pled guilty to the drug conspiracy and two counts of money laundering. In his Amended Plea Agreement, executed on September 3, 2012, Switlyk admitted to a conspiracy in which the defendants illegally operated clinics and pharmacies that issued and dispensed oxycodone based on prescriptions that had not been issued for a legitimate medical purpose. (Doc. # 236 at 22).  In the Amended Plea Agreement, Switlyk specifically agreed to forfeit the Tampa Townhouse to the United States. (Id. at 11).  In addition, as a part of his Amended Plea Agreement, Switlyk agreed to a forfeiture money judgment in the amount of $10,700,592.00, which represented

2

the proceeds of the drug conspiracy. (Id. at 12). This Court accepted the Amended Plea Agreement on September 5, 2012. (Doc. # 237).

On November 13, 2012, the Court entered the Forfeiture Money Judgment and Preliminary Order of Forfeiture for Specific Assets in the amount of $10,700,592.00. (Doc. # 248). The Preliminary Order of Forfeiture included the Tampa Townhouse. (Id. at 2). However, on November 28, 2012, Cohen filed a Petition for an Ancillary Hearing pursuant to 21 U.S.C. § 853, in which Cohen asserted that it was the bona-fide purchaser of the Tampa Townhouse with an interest superior to that of the United States. (Doc. # 250).

On February 5, 2013, the Court entered a Final Judgment of Forfeiture, which did not include the Tampa Townhouse. (Doc. # 314). On February 21, 2013, the Court sentenced Switlyk to a term of 108 months imprisonment to be followed by a term of supervised release. (Doc. ## 324, 325). On May 2, 2013, the Court entered an Order vacating the Preliminary Order of Forfeiture solely as it related to the Tampa Townhouse. (Doc. # 341). Thereafter, on May 3, 2013, the United States filed its Release of Lis Pendens as to the Tampa Townhouse. (Doc. # 342). According to the United States, it released its Lis Pendens because, "as a result of Barry A.

Cohen, P.A.'s lien, filed prior to the United States' Lis Pendens, there was no equity left in the Tampa property for the United States to take." (Doc. # 422 at 4).

After assets taken from Switlyk and his co-defendants were forfeited, the net amount of proceeds from the forfeited assets was credited to Switlyk's remaining liability on the Forfeiture Money Judgment, such that $4,126,479.27 remains due and owing to the United States. (<u>Id.</u>).  On August 19, 2015, Switlyk filed a Motion to Vacate Amended Plea Agreement seeking to extinguish the Forfeiture Money Judgment. (Doc. # 411).  The Court denied the Motion, leaving the Forfeiture Money Judgment against Switlyk in full force and effect. (Doc. # 416).

### B.    **Switlyk's Bankruptcy Case**

On September 12, 2014, Switlyk filed a Chapter 13 bankruptcy petition in the Southern District of Florida, under case number 14-30530 (S.D. Fla. Bankr. 2014).  In connection with the Chapter 13 case, Switlyk failed to list the Forfeiture Money Judgment as a debt.  Cohen moved to dismiss the Chapter 13 case due to this failure to disclose and also because Switlyk's debts exceeded the ceiling imposed by Chapter 13.  The Bankruptcy Court agreed that Switlyk was ineligible for relief under Chapter 13 and in an Order dated

August 26, 2015, the Bankruptcy Court converted the case to a Chapter 11 case. (Doc. # 423-5). The Bankruptcy Court explained: "When the Debtor filed his chapter 13 petition on September 12, 2014, the outstanding balance owed on the Forfeiture Judgment was $4,126,497.27, according to the United States. Because the Forfeiture Judgment was a liquidated and outstanding debt in excess of $4 million dollars when this case was filed, the Debtor was over the jurisdictional limits for chapter 13 under § 109(3) of the Bankruptcy Code." (Doc. # 417 at 4). Section 109(e) limits Chapter 13 relief to individuals with regular income owing secured debts less than $1,149,525 and unsecured debts less than $383,175. 11 U.S.C. § 109(e). Only non-contingent and liquidated debts are included when calculating Chapter 13 eligibility. Id.[1]

In the same Order, titled "Order Abating Objection to Cohen Claim and Requesting Interpretation of Criminal Plea Agreement and Forfeiture," the Bankruptcy Court outlined that: "the Debtor's intentions in this case are clear. He is seeking to deal with liens on . . . the Tampa Townhouse." (Doc. # 417 at 4). The Bankruptcy Court added that Switlyk "is seeking to extinguish a mortgage lien on the Tampa

---

[1] As noted below, at this juncture, Switlyk's Chapter 11 case has been converted to a Chapter 7 case.

Townhouse held by the Barry Cohen Law Group to secure legal fees owed from Cohen's representation of the Debtor in the Criminal Case." (Id.).  The Bankruptcy Court elaborated that Switlyk has objected to Cohen's proof of claim and seeks to extinguish Cohen's mortgage lien in the bankruptcy. (Id.). According to the Bankruptcy Court, "If the Debtor is successful in prosecuting the Cohen objection and extinguishing Cohen's mortgage lien, there will be equity in the Tampa Townhouse." (Id. at 4-5).

After framing the issues, the Bankruptcy Court noted that it was "troubled" by the question of "whether it will be a waste of judicial resources to litigate the Cohen objection because, according to both Cohen and the United States, the Tampa Townhouse will be forfeited to the United States if the Cohen mortgage is extinguished." (Id. at 5). The Bankruptcy Court therefore "request[ed] that the U.S. Attorney seek an interpretation of the Amended Plea Agreement and Forfeiture Judgment in the Criminal Case that would answer the following question: If the Cohen mortgage on the Tampa Townhouse is extinguished and the Debtor has equity in the Tampa Townhouse, is the United States entitled to forfeiture of the Tampa Townhouse?" (Id. at 8).

On September 11, 2015, the United States filed a Notice

6

and attached the Bankruptcy Court's aforementioned Order thereto. (Doc. # 417). On that same day, this Court set the matter for a hearing and instructed that "Any interested party may file a brief setting forth their position" by October 9, 2015. (Doc. # 418). The United States (Doc. # 422) and Barry A. Cohen, P.A. (Doc. # 423) filed briefs on October 9, 2015. Switylk, who is represented by Jeffrey Siskind, Esq., did not file a brief.

## II.  **The Parties' Positions**

### A.  **Switylk**

Counsel for Switlyk represented during the hearing on October 23, 2015, that Switylk seeks to extinguish the Government's Forfeiture Judgment during the Chapter 7 bankruptcy case. In addition, Switylk's counsel asserted that he plans to contest the validity of Cohen's lien during the bankruptcy case based on the argument that Cohen withdrew from the representation and did not represent Switlyk through the conclusion of the criminal case. The Court has not been called upon to address the propriety of these arguments and expresses no opinion as to their validity.

### B.  **The United States**

The United States argues that this Court lacks jurisdiction to answer the Bankruptcy Court's inquiry and that

the Bankruptcy Court has merely tendered a hypothetical question for the Court. According to the United States, if this Court were to entertain the question, it would be issuing a prohibited advisory opinion. "[T]he question based by the Bankruptcy Court in this case is a hypothetical question, i.e., whether the United States could forfeit the Tampa Property *if* Cohen's mortgage is extinguished and there is equity left in the property. There is no guarantee that Switlyk will succeed in extinguishing Cohen's mortgage in his bankruptcy proceeding." (Doc. # 422 at 7). In addition, the United States submits that "because the United States has not yet moved the Court for an order forfeiting the Tampa Property, the issue of whether the property can be forfeited is not ripe for review."(Id.).

However, if the Court elects to answer the Bankruptcy Court's question, the Government indicates: "If the Cohen mortgage were extinguished, the United States would be entitled to forfeit the Tampa Property for two reasons: (1) Switlyk already agreed to forfeit the property and (2) the United States would be able to forfeit the property as substitute assets." (Id. at 8).

C.  **Cohen**

Cohen indicates that after the Bankruptcy Court requested

8

input from this Court, the Bankruptcy Court held another hearing on October 8, 2015, in which the Court converted Switlyk's Chapter 11 case to a Chapter 7 case. (Doc. # 423 at 5).   Cohen indicates that the Bankruptcy Court "noted that whether Switlyk's bankruptcy case should be dismissed in its entirety depends on the advice this Court gives . . . [and] if this Court finds there is no equity or interest in the Tampa Townhouse because of the Government's claim, or otherwise, Judge Mark will dismiss the case." (<u>Id.</u>).

Cohen requests that this Court provide direction to the Bankruptcy Court as follows:

> by virtue of Switlyk's execution of his Plea
> Agreement and the entry of the Final Judgment of
> Forfeiture, Switlyk has had no legal or equitable
> interest in the Tampa Townhouse since September 5,
> 2012, and, at present, Switlyk holds mere naked
> title thereto.  Therefore, if the Mortgage were
> extinguished, the Government would be able to
> either forfeit Switlyk's interest in the Tampa
> Townhouse under the JCC and Final Judgment of
> Forfeiture or would be able to levy on any interest
> Switlyk might have in the Tampa Townhouse pursuant
> to the Forfeiture Money Judgment.

(Doc. # 423 at 6).

## III. <u>Discussion</u>

The Court acknowledges the Government's concern about advisory opinions, however, the Court elects to answer the Bankruptcy Court's straightforward question so that Switlyk's

assets can be swiftly and appropriately dealt with.  As the
sentencing Court and the Court that issued the relevant
forfeiture Orders, this Court is in the best position to
interpret those Orders and should do so if it will assist
another federal tribunal.  In addition, the Court possesses
the inherent authority to issue such orders that are necessary
to implement and enforce its orders. See Chambers v. Nasco,
Inc., 501 U.S. 32, 43 (1991)("Courts of justice are
universally acknowledged to be vested, by their very creation,
with power to impose . . . submission to their lawful
mandates"); Alderwoods Grp., Inc. v. Garcia, 682 F.3d 958, 967
at n.18 (11th Cir. 2012)("all courts have authority to enforce
compliance with their lawful orders.")

     As noted, the Bankruptcy Court has inquired: "If the
Cohen mortgage on the Tampa Townhouse is extinguished and the
Debtor has equity in the Tampa Townhouse, is the United States
entitled to forfeiture of the Tampa Townhouse?"

     The Court answers as follows: If the Cohen mortgage were
extinguished, the United States would be entitled to forfeit
the Tampa Townhouse for two reasons: (1) Switlyk already
agreed to forfeit the Tampa Townhouse and (2) the United
States would also be able to forfeit the Tampa Townhouse as
substitute assets.

As an initial matter, Switlyk, in the Amended Plea Agreement, agreed to the forfeiture of the Tampa Townhouse and "to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfer." (Doc. # 236 at 13). Under the Amended Plea Agreement, if the Government seeks to forfeit the Tampa Townhouse, Switlyk could be ordered to sign a consent decree or other document forfeiting the Tampa Townhouse to the Government.

In addition, in the instance that Cohen's mortgage on the Tampa Townhouse were to be extinguished, the Government would be entitled to forfeit the property as substitute assets to satisfy the forfeiture money judgment. See 21 U.S.C. § 853(p)(if, as the result of any act or omission of the defendant, the property subject to forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; or has been commingled with other property which cannot be divided without difficulty, the Court shall order the forfeiture of any other property of the defendant, up to the value of any property subject to forfeiture).

11

Furthermore, Federal Rule of Criminal Procedure 32.2(e)(1)(B) instructs that, upon the Government's motion, the court may, at any time, enter or amend an order for forfeiture to include property that is substitute property. See United States v. Weiss, 791 F. Supp. 2d 1183, 1219-20 (M.D. Fla. 2001)(nine-year delay between entry of order of forfeiture and Fed. R. Crim. P. 32.2(e)(1)(B) motion to forfeit substitute assets did not violate due process rights and laches does not apply against the Government).

In addition, "when the government's attempt to forfeit the defendant's property directly [is] unsuccessful, the remedy for the government [is] to seek forfeiture of the same property as a substitute asset under § 853(p)." United States v. Candelaria-Silva, 166 F.3d 19, 43 (1st Cir. 1999); United States v. Saccoccia, 564 F.3d 502, 506-07 (1st Cir. 2009)(If the Government moves to amend an order for forfeiture to include substitute assets, it does not matter that the property could have been forfeited directly but was not.). Here, the Government was unable to forfeit the Tampa Townhouse as a direct asset because of the Cohen mortgage. However, if the mortgage were extinguished, the Government would be able to forfeit the Tampa Townhouse as a substitute asset. Because $4,126,479.27 of Switlyk's money judgment remains outstanding,

if the mortgage on the Tampa Townhouse were extinguished, the Government would be entitled to forfeit the Tampa Townhouse as a substitute asset in partial satisfaction of the Forfeiture Money Judgment.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

The parties are directed to submit a copy of this Order to the Bankruptcy Judge presiding over Switlyk's bankruptcy case without delay.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>25th</u> day of October, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record

13